**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Gerald A. Pozorski                                                                 BKY No. 14-34049

        Debtors.

_____

Erik A. Ahlgren, Trustee,                                                      ADV No. 15-03050

        Plaintiff,

vs.

Gerald A. Pozorski

        Defendant.

---

**APPLICATION FOR DEFAULT JUDGMENT**

---

To:    Defendant Gerald A. Pozorski, his attorney Robert Kalenda and the U.S. Bankruptcy Court.

1.    Plaintiff, Erik A. Ahlgren, trutee of the Chapter 7 bankruptcy estate of Gerald A. Pozorski (the "Trustee"), applies under Local Rule 7055-1 for entry of a default judgment against Defendant Gerald A. Pozorski ("Defendant") in the above captioned adversary proceeding.

2.    Plaintiff applies for entry of a default judgment in favor of the Plaintiff against the Defendant, Timothy Francis Schnoor, denying the Defendant's discharge under 11 U.S.C. §727. This application for default judgment is based upon the Declaration of Erik A. Ahlgren in Support of Plaintiff's Application for Default Judgment, Fed. R. Bankr. P. 7055, Local Rule 7055-1 and upon the files, records, and proceedings herein.

May 26, 2015                                         /e/  Erik A. Ahlgren

                                                  Erik A. Ahlgren #191814
                                                  Attorney for Plaintiff
                                                  220 W. Washington Ave. Ste 105
                                                  Fergus Falls, MN  56537
                                                  218-998-2775

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Gerald A. Pozorski                                              BKY No. 14-34049

       Debtor.

Erik A. Ahlgren, Trustee,                                       ADV No. 15-03050

       Plaintiff,

vs.

Gerald A. Pozorski

       Defendant.

### DECLARATION OF ERIK A. AHLGREN
### IN SUPPORT OF PLAINTIFF'S
### APPLICATION FOR DEFAULT JUDGMENT

Erik A. Ahlgren, being first duly sworn on oath, deposes and states as follows:

1. I am the Plaintiff herein and the duly appointed Chapter 7 Trustee in the Bankruptcy Estate of Gerald A. Pozorski. I am an attorney duly licensed and admitted to practice in the State of Minnesota and in this Court. The facts stated herein are based upon my personal knowledge and a review of the files, records and pleadings in this case.

### DEFAULT

2. Pursuant to an order of this court, dated January 9, 2015, the deadline for the Trustee to object to the discharge of the Debtor pursuant to 11 U.S.C. §727 was extended through April 20, 2015. See DE #20.

3. On April 20, 2015, I filed the complaint and, on April 21, 2015, caused the summons and complaint to be served by U.S. Mail. The mailing was not returned as undeliverable, or otherwise.

4. Defendant filed no answer or other response to the complaint denying liability. After the filing of the complaint, I spoke to the attorney for Gerald Pozorski. Based on that conversation, I understand that the Debtor is in receipt of the summons and complaint. Any answer or response to the Complaint would now be untimely under Bankruptcy Rules 7012 and 7015.

## IDENTIFICATION OF THE PARTIES

5. To the best of my knowledge, information and belief, the full name and address of the Defendant is:

> Gerald A. Pozorski
> 3240 92 Ave NE
> Foley, MN 56329-9503

6. To the best of my knowledge, information and belief, the Defendant is not (a) incompetent, (b) an infant, or (c) a soldier on active duty in the armed forces as defined in the Soldiers and Sailors Relief Act of 1940.

## MERITS OF CLAIM

7. On October 6, 2014, the Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code and, along with the petition, filed under oath the completed schedules and statements with the court.

8. At the November 20, 2014 creditors' meeting, I showed the Debtor photos of two Bobcat skidloaders and a John Deere Gator, as well as other farm equipment. The Debtor recognized the photos as being taken on his farmstead. One of the two Bobcat skidloaders was identified in the Debtor's bankruptcy filing, and the Debtor testified that the second Bobcat skidloader was owned by his neighbor, Greg Tischbirek. He stated that the John Deere Gator was also owned by Mr. Tischbirek.

9. On December 22, 2014, I reconvened the creditors' meeting. At that meeting, the Trustee confronted Mr. Pozorski with the fact that he had spoken to Mr. Tischbirek who denied owning the Bobcat skidloader or the John Deere Gator. Mr. Pozorski responded stating that the Bobcat skidloader was actually owned by the mother of Mr. Tischbirek and that the John Deere Gator was owned by his nephew, Greg Ruhoff.

10. At the December 22, 2014 reconvened creditors' meeting, the Debtor also supplied a handwritten statement that he claimed to be from his nephew, Greg Ruhoff, claiming

ownership of the John Deere Gator. A copy of the handwritten statement is attached as Exhibit A to the complaint.

11. Following the December 22, 2014 creditors' meeting, I obtained affidavits of Mr. Tischbirek, his mother, Cheryl Tischbirek, and the Debtor's nephew, Greg Ruhoff.

12. In the affidavit of Greg Tischbirek attached as Exhibit B to the complaint, Mr. Tischbirek denies ownership of the Bobcat skidloaders or John Deere Gator shown in the photos on the Debtor's farmstead.

13. In the affidavit of Cheryl Tischbirek attached as Exhibit C to the complaint, Ms. Tischbirek denies ownership of the Bobcat skidloaders or John Deere Gator shown in the photos on the Debtor's farmstead.

14. In the affidavit of Greg Ruhoff attached as Exhibit D to the complaint, Mr. Ruhoff denies ownership of a John Deere Gator.

15. This court on January 9, 2015 ordered the Debtor to turnover the following assets within seven days:

- 656 Farmall Tractor
- 336 JD Baler
- Two (2) Throwracks
- 1998 Trailer, VIN 4UGFC1628WD006117 and title
- 2001 Trailer, VIN 4UGFG262X1D008311 and title
- Dodge Truck
- Two Industrial Fuel Tanks

16. As stated in the affidavit of Derek Lundeen attached as Exhibit E to the complaint, (i) on January 14, 2015, Mr. Lundeen contacted Mr. Pozorski by telephone, (ii) Mr. Lundeen identified himself as an agent acting on behalf of the bankruptcy trustee and asked Mr. Pozorski when he could pick up the assets identified in the January 9, 2015 turnover order, and (iii) Mr. Pozorski refused to arrange for the pick up of the assets.

17. More than seven days passed and Mr. Pozorski failed or refused to turnover the assets identified in the January 9, 2015 turnover order.

18. On January 27, 2015, I filed a supplemental turnover motion asking for the court to order (i) the turnover of the Bobcat skidloader that was identified in the photos, but not scheduled on the Debtor's petition, and the John Deere Gator, and (ii) ordering the United States' Marshal to assist in the replevy of the Debtor's assets identified in the courts' January 9, 2015 turnover order as well as the additional assets identified in the January

27, 2015 turnover motion filed in this matter.

19. On February 27, 2015, this court issued an order to turnover the assets identified in the January 27, 2015 turnover motion and authorizing the U.S. Marshal for the District of Minnesota to assist in gaining possession of the assets identified in the court's January 9, 2015 order as well as the assets identified in the January 27, 2015 motion (jointly, the "Assets"). See DE #29.

20. On April 1, 2015, Derek Lundeen and I, in conjunction with a representative of the U.S. Marshal and the Benton County Sheriff, picked up the Assets other than (i) the 656 Farmall Tractor, (ii) the John Deere Gator, and (iii) the Bobcat skidloader.

21. The 656 Farmall Tractor and John Deere Gator were not picked up because Kim Adelman, the woman with whom the Debtor lives, claimed ownership in those two assets. The Debtor had originally claimed the 656 Farmall Tractor as his asset on his original petition. Ms. Adelman had previously filed a chapter 7 bankruptcy, case number 11-51109, and had recently filed a chapter 13 bankruptcy, case number 14-34153. In neither of these previous filings did she schedule the 656 Farmall Tractor or the John Deere Gator although, following the Trustee's turnover order, she did amend her chapter 13 petition to include both pieces of equipment.

22. The Bobcat skidloader subject to the January 27, 2015 turnover order was not found at the Debtor's farmstead. When confronted with its absence, the Debtor denied the existence of the skidloader even after, again, being shown photos of the skidloader and the copy of insurance documents demonstrating that he had previously had a second skidloader at his farmstead and that he had insured a second skidloader. Copies of the photo and the insurance documents are attached as Exhibits F and G to the complaint.

23. While at the Debtor's farmstead on April 1, 2015, along with a representative of the U.S. Marshal and Benton County Sheriff, I took photos of additional assets that were not disclosed on the Debtor's petition including a John Deere Z425 riding lawnmower, a Northstar log splitter, an ATV and dirtbike, a hay bailer and related equipment. These assets are the subject of a separate, concurrently filed, adversary proceeding requesting an order requiring the turnover of these assets.

I declare under penalty of perjury that the above is true and correct.

May 26, 2015                                     /e/  Erik A. Ahlgren

                                                            Erik A. Ahlgren #191814  
                                                            Attorney for Plaintiff  
                                                            220 W. Washington Ave. Ste 105  
                                                            Fergus Falls, MN  56537  
                                                            218-998-2775

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Gerald A. Pozorski  BKY No. 14-34049

    Debtor.

---

Erik A. Ahlgren, Trustee,  ADV No. 15-03050

    Plaintiff,

vs.

Gerald A. Pozorski

    Defendant.

---

### ORDER FOR JUDGMENT

This matter came before the court on Plaintiff's Application for Default Judgment. Based upon the files, records, pleadings and affidavits,

    IT IS ORDERED:

The Debtor's discharge is denied under 11 U.S.C. §§727(a)(2),(3),(4),(5) and (6).

    **BY THE COURT:**

    _____

    United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Gerald A. Pozorski                                                          BKY No. 14-34049

      Debtors.

---

Erik A. Ahlgren, Trustee,                                                   ADV No. 15-03050

      Plaintiff,

vs.

Gerald A. Pozorski

      Defendant.

---

## UNSWORN AFFIDAVIT OF SERVICE

     I, Lisa Ahlgren, declare under penalty of perjury that on May 26, 2015, I mailed a copy of the Application for Default Judgment, Declaration of Erik A. Ahlgren in Support of Default Judgment and the Proposed Order along with any and all exhibits thereto by first class mail, postage prepaid to each entity below at the address stated:

      Gerald A. Pozorski
      3240 92 Ave NE
      Foley  MN  56329

I declare, under penalty of perjury, that the foregoing is true and correct.

May 26, 2015                                              /e/ Lisa Ahlgren
                                                                                Lisa Ahlgren